THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT FINBAR BROWN, | CASE NO. C16-0626-JCC |
| Plaintiff, | ORDER |
| v. | |
| PEACEHEALTH ST. JOSEPH HOSPITAL, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendant PeaceHealth's motion for sanctions (Dkt. No. 37). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

The facts of this case have been detailed in previous orders and the Court will not repeat them here. (*See* Dkt. Nos. 24, 44.) After the Court resolved Plaintiff's lawsuit and subsequent motion to vacate the judgment, Defendant PeaceHealth now moves the Court for sanctions pursuant to Federal Rule of Civil Procedure 11. (*See* Dkt. No. 37.)

Federal Rule of Civil Procedure 11 provides that:

> By presenting to the court a pleading, written motion, or other paper[, an] . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the

claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P 11(b). If a party fails to comply with Rule 11(b), sanctions may be imposed. *See* Fed. R. Civ. P. 11(c).

Defendant argues that sanctions are appropriate because Plaintiff's most recent motion for relief from judgment violates Federal Rules of Civil Procedure 11(b)(1), (2), and (3). (Dkt. No. 37 at 3.) The Court finds that Plaintiff's most recent motion does not violate Rule 11(b) such that sanctions are warranted. With regard to Defendant's argument that sanctions are warranted under Rule 11(b)(1), Plaintiff's litigation history has not been harassing and the burden on Defendant has not been great. The Court granted Defendant PeaceHealth's first motion to dismiss (Dkt. No. 18) and Defendant PeaceHealth has subsequently only had to defend against an appeal (Dkt. No. 27) and one motion to vacate the judgment (Dkt. No. 34). The Court likewise finds that Rule 11(b)(2) does not warrant sanctions because Plaintiff's motion, even if based on facts known to Plaintiff at the time of filing his lawsuit, was not frivolous. Proceeding *pro se*, Plaintiff does not benefit from a deep understanding of the law that an attorney possesses. Finally, the Court does not find that sanctions are appropriate under Rule 11(b)(3) because the lawsuit never got past the motion to dismiss stage and discovery was minimal, (*see* Dkt. No. 24), so Plaintiff could not benefit from an arsenal of evidentiary support in filing his most recent motion. The motion decided by the Court did not lack evidentiary support such that sanctions are warranted. (*See* Dkt. No. 34.)

For the foregoing reasons, Defendant's motion for sanctions (Dkt. No. 37) is DENIED.

//

//

//

ORDER
C16-0626-JCC
PAGE - 2

1     DATED this 1st day of April 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE